# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | 1:22-cv-00247 SWS |
| UNITED STATES DEPARTMENT | ) | (Lead) |
| OF INTERIOR, *et al.,* | ) | |
| | ) | Case No. |
| Federal Respondents, | ) | 1:22-cv-00252-SWS |
| | ) | (Consolidated) |
| CENTER FOR BIOLOGICAL | ) | |
| DIVERSITY, *et al.,* | ) | Case No. |
| | ) | 1:23-cv-00001-SWS |
| Respondent-Intervenors. | ) | (Consolidated) |
| | ) | |
| | ) | |
| | ) | |

## RESPONDENT-INTERVENORS' OPPOSITION TO
## WYOMING'S MOTION TO STRIKE

Wyoming's motion to strike certain records submitted by Respondent-Intervenors, ECF 64, should be denied. The challenged documents, ECF 61-1 at 20–26, are subject to judicial notice because they provide relevant factual background showing that the U.S. Bureau of Land Management (BLM) has long exercised wide discretion over quarterly lease sale decisions under the Mineral Leasing Act (MLA). These records are publicly available on official agency web pages, and their factual accuracy is not subject to reasonable debate. Indeed, Wyoming itself does not contest the documents' accuracy. The Court should deny Wyoming's motion and take judicial notice of these relevant background documents.

### A. Respondent-Intervenors Do Not Seek Supplementation of the Administrative Record.

As an initial matter, Wyoming's arguments regarding supplementation of the record are beside the point. *See* Wyo. Mem. Supp. Mot. Strike 4–7, 9–10, ECF 64-1 [hereinafter Wyo. Mot.]. Respondent-Intervenors do not ask the Court to complete or supplement the record, e.g., under Local Rule 83.6. *Contra id.* at 4, 10. Instead, the Court may consider the documents because they are relevant, publicly available, factually undisputed, and therefore judicially noticeable.

## B. The Challenged Records Are Subject to Judicial Notice.

As Wyoming concedes, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see* Wyo. Mot. 7. Courts routinely take judicial notice of public records available on federal agency websites, including in Administrative Procedure Act cases like this one. *E.g.*, *Diné Citizens Against Ruining Our Env't v. Haaland*, 59 F.4th 1016, 1028 n.5 (10th Cir. 2023); *N.M. ex rel. Richardson v. BLM*, 565 F.3d 683, 702 nn.21–22 (10th Cir. 2009); *Renewable Fuels Ass'n v. EPA*, 948 F.3d 1206, 1258 (10th Cir. 2020), *rev'd on other grounds by HollyFrontier Cheyenne Ref., LLC v. Renewable Fuels Ass'n*, 141 S. Ct. 2172 (2021); *Goico v. U.S. Food & Drug Admin.*, No. 20-cv-01248, 2020 WL 7078731, at *3 (D. Kan. Dec. 3, 2020).

For example, earlier this year in a case challenging BLM-issued oil and gas drilling permits, the Tenth Circuit took judicial notice of "updates" to certain relevant facts that were presented in agency records that were outside the administrative record but available on BLM's website. *Diné Citizens*, 59 F.4th at 1028 n.5. The court explained that judicial notice "is proper when a fact is beyond debate." *Id.* (quoting *The Estate of Lockett by and through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016)). It also

noted that courts "[t]ypically . . . take judicial notice of facts that are a matter of public record." *Id.* Because the documents there "came from BLM's official database for maintaining federal well information" and were therefore "publicly available," the Tenth Circuit declared the documents' contents "beyond debate" and judicially noticed them. *Id.*

The Court should take the same approach here. It can and should take judicial notice of the records Respondent-Intervenors filed because (1) they provide relevant factual background and context for the Court to resolve the issues presented; (2) they are publicly available on official BLM web pages (and in related court dockets); and (3) their contents are beyond debate and not, in fact, debated by Wyoming.

**First**, contrary to Wyoming's claim that these documents are not "relevant," Wyo. Mot. 7, they provide valuable background, contextual information that may assist the Court in resolving Petitioners' claims. Petitioners' claims are premised on the fiction that BLM has historically viewed the MLA as obligating the agency to hold a lease sale in every state every three months irrespective of other considerations, and that BLM adopted a new policy in 2021 by choosing not to hold sales during certain quarters. *See* Resp.-Intervs.' Resp. Br. 2–5, 7–8, 24–50, ECF 61. The records refute this theory by illustrating that, in Wyoming and other states, BLM has for years cancelled or postponed sales for a variety of reasons.

3

Wyoming is also wrong that BLM lease sale postponements from other states are not relevant. *See* Wyo. Mot. 8. For one, Petitioners Western Energy Alliance and Petroleum Association of Wyoming purport to challenge BLM activity throughout the West, not just in Wyoming, making cancellations and postponements in other states relevant. But even as to Wyoming specifically, BLM is a federal agency administering federal law, and its application of the MLA in one state bears on the agency's implementation of the same law elsewhere. Moreover, the documents *do* include Wyoming sale postponements, undercutting any suggestion that BLM followed a radically different MLA interpretation in Wyoming than it did elsewhere. *Id.* at 8 n.3. This Court is not required to put on blinders when reviewing claims under the APA, especially where the core factual premise of Wyoming's case is demonstrably false. *See Diné Citizens*, 59 F.4th at 1028 n.5.

**<u>Second</u>**, the records are publicly available on agency web pages. Attachment D to the Delehanty Declaration is available on ePlanning, BLM's official National Environmental Policy Act project planning website.[1] So is

---

[1] BLM Montana State Office, Amendment Notice No. 1: Competitive Oil and Gas Lease Sale July 12, 2016, https://eplanning.blm.gov/public_projects/nepa/55589/75431/83342/7-12-16_Amendment_No_1.pdf.

4

Attachment E.² Attachment F provides hyperlinks to official, publicly available BLM webpages that were archived—i.e., preserved in their form at the time of capture—by The Internet Archive (archive.org). While the archived versions of these web pages are true and correct copies of the official agency pages, almost all of them also remain available on BLM's current lease sale web pages and ePlanning site (along with many other examples of past cancellations and postponements).³ The records' availability on official BLM web pages makes them judicially noticeable. *See Diné Citizens*, 59 F.4th at 1028 n.5; *Richardson*, 565 F.3d at 702 n.22; *Goico*, 2020 WL 7078731, at *3. Respondent-Intervenors welcome the Court using BLM's website to "independently verify" the agency's history of postponing and cancelling lease sales. Wyo. Mot. 9.

---

² BLM Eastern States Office, Decision Record for Eastern States second-quarter 2022 sale, https://eplanning.blm.gov/public_projects/2015577/200495439/20057821/250064003/ES-J000-2021-0037-Decision%20Record_Alabama%20EOI%20ES3321%20Part%201%20(1835a)_20220418_signed.pdf.

³ BLM, State Oil and Gas Lease Sales, https://www.blm.gov/programs/energy-and-minerals/oil-and-gas-leasing/regional-lease-sales (follow links to each state and then links to past sales); *see also, e.g.*, BLM, Documents for Wyoming 2020 oil and gas lease sales, https://eplanning.blm.gov/eplanning-ui/project/1502549/570 (showing that "June 2020" sale was "postponed"); BLM, Documents for Wyoming 2016 oil and gas lease sales, https://eplanning.blm.gov/eplanning-ui/project/64290/570 (showing that "February 2, 2016" sale was "postponed to May 3rd Sale").

5

Furthermore, Attachments D, E, and F to the Delehanty Declaration were previously filed, without objection, in closely related court dockets. Decl. of Thomas Delehanty at TD-002, ECF 50-1 in *W. Energy All. v. Biden*, No. 21-cv-00013 (D. Wyo. June 7, 2021) (Attachment F here); Decl. of Thomas Delehanty Attach. C - 001–03, ECF 91-4 in *North Dakota v. U.S. Dep't of Interior*, No. 21-cv-000148 (D.N.D. Mar. 10, 2023) (Attachments D and E here).[4] A court may take judicial notice "of its own records and files," and such notice is "particularly applicable" for "prior litigation closely related to the case before [the court]." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also, e.g.*, *Richardson*, 565 F.3d at 702 n.21 (taking judicial notice of a document filed in another case).[5]

Rather than sending the Court and Petitioners on e-expeditions to locate these publicly available documents online, Respondent-Intervenors simply filed them with their brief for convenience.

---

[4] Notably, Petitioners attached an opinion from the North Dakota case with their opening brief here. ECF 54-3.

[5] WY also appears to argue that the Delehanty Declaration is improper "witness testimony." Wyo. Mot. 8. However, the declaration provides no substantive testimony; it merely authenticates the documents attached to the declaration and presents the foundation for their admissibility. *See Pawnee Nation of Okla. v. U.S. Bureau of Indian Affs.*, No. 16-cv-00697, 2020 WL 91498, at *5 (N.D. Okla. Jan. 8, 2020) (denying motion to strike declaration that "simply described the process" a declarant used to create a map "using the relevant online tool that is available to the public").

6

**Third**, the accuracy of the facts in Attachments D, E, and F are not subject to reasonable debate—*and not actually contested by Wyoming.* Anyone can access publicly available BLM webpages, including those at issue here, to ascertain for themselves that, in Wyoming and other states, numerous quarters have passed without a lease sale occurring. *See Pawnee Nation*, 2020 WL 91498, at *5 ("The Court produced an identical printout from the referenced website in less than one minute.")

It is therefore unsurprising—and telling—that Wyoming does not dispute the facts reflected in these documents. *Contra, e.g.*, *Greater Yellowstone Coal. v. Bosworth*, No. 06-cv-00037, 2006 WL 8435590, at *2 (D. Wyo. Nov. 16, 2006) (cited at Wyo. Mot. 2) (declining to take judicial notice where parties disagreed on documents' scientific accuracy and documents themselves acknowledged "ongoing debate" over the relevant facts). Wyoming makes no claim that BLM *did* hold lease sales during the quarters addressed in the challenged documents, or that BLM postponed the lease sales for some reason other than what the documents articulate. Their contents are "beyond debate," making judicial notice appropriate. *Diné Citizens*, 59 F.4th at 1028 n.5; *see also, e.g.*, *Renewable Fuels*, 948 F.3d at 1258 (taking judicial notice of a document available on an agency website where party opposing notice "d[id] not dispute" the document's accuracy).

7

Because Attachments D, E, and F to the Delehanty declaration provide useful background facts directly relevant to the claims in the case, are publicly available, and are neither contested nor reasonably contestable, the Court should take judicial notice of their contents and deny Wyoming's motion.

Respectfully submitted December 13, 2023.

/s/ Thomas Delehanty
Thomas Delehanty (*pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
(303) 996-9628
tdelehanty@earthjustice.org

/s/ Michael S. Freeman
Michael S. Freeman (*pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
(303) 996-9615
mfreeman@earthjustice.org

*Counsel for Friends of the Earth, National Parks Conservation Association, Sierra Club, Southern Utah Wilderness Alliance, The Wilderness Society, Valley Organic Growers Association, Western Colorado Alliance, Western Watersheds Project, Wilderness Workshop*

/s/ Kyle Tisdel
Kyle Tisdel (*pro hac vice*)
Western Environmental Law Center

8

208 Paseo del Pueblo Sur, Unit 602
Taos, NM 87571
(575) 613-8050
tisdel@westernlaw.org

*/s/ Melissa Hornbein*
Melissa Hornbein (*pro hac vice*)
Western Environmental Law Center
103 Reader's Alley
Helena, MT 59601
(406) 708-3058
hornbein@westernlaw.org

*/s/ Rose Rushing*
Rose Rushing (*pro hac vice*)
Western Environmental Law Center
208 Paseo del Pueblo Sur, Unit 602
Taos, NM 87571
(505) 278-9577
rushing@westernlaw.org

*Counsel for Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Food & Water Watch, Montana Environmental Information Center, Powder River Basin Resource Council, Western Organization of Resource Councils, WildEarth Guardians*

*/s/ Shannon Anderson*
Shannon Anderson (Wyo. Bar No. 6-4402)
Powder River Basin Resource Council
934 N. Main St.
Sheridan, WY 82801
(307) 672-5809
sanderson@powderriverbasin.org

*Local Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2023, I electronically filed the foregoing **RESPONDENT-INTERVENORS' OPPOSITION TO WYOMING'S MOTION TO STRIKE** using the United States District Court CM/ECF which will send notification to all counsel of record to be served by electronically.

*/s/ Thomas Delehanty*
Thomas Delehanty